ELLA R. CHEW, APPELLEE, v. COMMERCIAL GAS COMPANY, APPELLANT.

Submitted March 19, 1915—Decided June 14, 1915.

Where the proofs are sufficient to warrant a finding by the jury that the defendant had negligently suffered illuminating gas to escape from its underground pipes to such extent as to poison and kill the roots of the plaintiff's trees, with the consequent destruction of the trees themselves, it was *Held* that defendant's motions to nonsuit and to direct a verdict in its favor were properly denied.

On appeal from the Supreme Court.

For the appellee, *Edward C. Waddington.*

For the appellant, *Herbert C. Bartlett.*

The opinion of the court was delivered by

VREDENBURGH, J. The subject of review in this appeal is a judgment for substantial damages rendered against the appellant gas company for its alleged negligence in allowing illuminating gas to escape from its underground mains in such quantity as to poison and kill the plaintiff's shade trees.

Actions against gas companies founded upon like injuries to trees, are not novel either in this state or other jurisdictions.

Our Supreme Court, quite recently, sustained a recovery of damages for such injuries in the case of *Nevin* v. *Public Service Corporation of New Jersey,* 82 *N. J. L.* 127.

In other jurisdictions the general legal liability of the gas companies to respond in damages for like injuries to trees, where the proofs were sufficient to warrant a finding of fact that gas from their pipes had been negligently suffered to leak, is not questioned, and therefore, citations of decisions (of which there are many) need not be given space here.

The only grounds of appeal in the present case are that the trial court refused, against exception, to nonsuit and to direct a verdict in favor of the defendant.

There was evidence before the jury from which they were at liberty to find that the gas pipes of the defendant were not properly laid, originally, nor afterwards properly maintained in respect to their connecting points, and that the gas from them began to escape almost as soon as it was turned under pressure into the pipes; there was also evidence that during the spring next after the pipes were laid (in October, 1911) near the roots of the plaintiff's shade trees, their leaves turned yellow and died.

The plaintiff's expert witness (a qualified forestry engineer) testified that the effect of illuminating gas on trees is indicated when the gas is present in large quantities by a quite

rapid killing of the root system, with a resultant drying, or dying and drying up of the leaves; that he had examined the maple trees in question, and that his examination indicated to him, under the circumstances, that the trees were killed by poisoning of the root system by illuminating gas; that he found no other causes for their death; that he saw a fungus growth on them which had very clearly developed since the trees died; that this particular form occurred almost invariably only on dead wood. That the trees were dead in the summer of 1912 was not disputed.

Upon these facts the trial court would not have been justified either in nonsuiting the plaintiff, or directing a verdict for the defendant.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 14.

*For reversal*—None.